**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| COLEMAN A. POLLOCK,<br><br>Plaintiff,<br><br>v.<br><br>BETTER TAX RELIEF, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:26-cv-10266<br><br>JURY DEMAND |

# COMPLAINT

NOW comes COLEMAN A. POLLOCK ("Plaintiff"), by and through the undersigned, complaining as to the conduct of BETTER TAX RELIEF, LLC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural "person" as defined by 47 U.S.C. § 153(39), over 18 years of age residing in Tomball, Texas, which lies within the Southern District of Texas.

5. Defendant is a provider of tax relief services to consumers across the country, including those located in the state of Texas. Defendant is a limited liability organized under the laws of the state of California with its principal place of business located at 2525 Main Street, Unit 500, Irvine, California 922614.

6. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's solicitation phone calls placed to Plaintiff attempting to sell Plaintiff its tax relief services.

9. Around approximately April of 2026, Plaintiff began receiving solicitation phone calls to his cellular phone, (346) XXX-8174, from Defendant, attempting to sell Plaintiff on Defendant's services.

10. At all times relevant, Plaintiff was financially responsible for the cellular telephone equipment and services.

11. Upon information and belief, at no point in time did Plaintiff contract with Defendant or otherwise solicit any of Defendant's services.

12. Similarly, at no point in time did Plaintiff provide Defendant with his cellular phone number ending in 8174.

13. Accordingly, at no point in time did Plaintiff provide Defendant with consent to place calls to his cellular telephone number ending in 8174.

14. Since 2022, Plaintiff's cellular telephone number has been registered to the National Do-Not-Call-Registry ("DNC Registry").

15. Plaintiff personally registered his cellular phone number on the DNC Registry.

16. From April 2026 through the present, Defendant placed over 100 solicitation phone calls to Plaintiff regarding its services, using a variety of different phone numbers when doing so.

17. Plaintiff has answered a number of Defendant's phone calls.

18. During such conversations, Plaintiff would inform Defendant that he is not interested in the services being sold, further requesting that Defendant cease its solicitation and phone call campaign.

19. Defendant ignored Plaintiff's demands and continued placing solicitation phone calls attempting to sell Plaintiff its services.

20. The majority of calls that Plaintiff did not answer would result in Defendant leaving artificial and/or pre-recorded voicemail messages on Plaintiff's cellular phone.

21. Plaintiff has received dozens of such artificial and/or pre-recorded voicemail messages following his demand(s) that Defendant's phone calls and solicitation campaign cease.

22. The prerecorded nature of the voicemails is evident as: (1) most voicemails contained similar or identical messages; (2) most voicemails were around the same length and duration; (3) most voicemails were monotone and were conspicuously not left by a live representative; (4) there was an absence of any information specific to Plaintiff in any of the messages; (5) none of the messages identified Plaintiff by name; and (6) most voicemails directed Plaintiff to call Defendant's toll-free number for more information about services.

23. Defendant's unlawful telemarketing practices have caused Plaintiff damages including: invading Plaintiff's privacy, nuisance, emotional distress with physical manifestations thereof, *inter alia.*

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using artificial or prerecorded messages without their consent.

26. Defendant used prerecorded and/or artificial voicemail messages during its solicitation campaign directed towards Plaintiff. As alleged above, these messages were plainly prerecorded in nature given their vague and generalized nature, *inter alia.*

27. Defendant violated the TCPA by delivering such prerecorded messages to Plaintiff's cellular phone absent the requisite prior express consent. Plaintiff never consented to receiving phone calls from Defendant, let alone to receiving calls via technology subject to the TCPA. Even if he did, any consent Plaintiff *may* have given to Defendant for the calls was explicitly revoked by his numerous demands that the calls cease.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, COLEMAN A. POLLOCK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Pursuant to 47 C.F.R. § 64.1200(c)(2), a regulation promulgated under 47 U.S.C. § 227(c), it is a violation of the TCPA to call "“[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

32. Defendant violated 47 C.F.R. § 64,1200(c)(2) by placing or causing to be placed over 100 solicitation phone calls to Plaintiff despite his cellular phone number being on the DNC Registry.

33. As pled above, Plaintiff never consented to receiving such solicitation calls and otherwise repeatedly revoked consent for such solicitation calls.

34. Defendant knew or should have known that Plaintiff's phone number was on the DNC Registry as the registry is publicly available and easily accessible.

35. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the DNC Registry.

WHEREFORE, Plaintiff, COLEMAN A. POLLOCK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. An order enjoining Defendant from placing or causing to be placed further violating phone calls;

c. Judgment in Plaintiff favor for Defendant's violations of the TCPA;

d. An award of $500.00 in damages to Plaintiff for each violating call and message;

e. An award of treble damages, up to $1,500.00 per violating call; and,

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 25, 2026

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. #6326734
Federal I.D. No. 3442886
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com